EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-CV-11308-RGS

ROBIN ROTHBERG

v.

DAVID L. WINN

<u>MEMORANDUM AND ORDER ON
RESPONDENT'S MOTION TO DISMISS</u>

October 10, 2003

STEARNS, D.J.

Robin Rothberg, the petitioner, was sentenced by an Illinois district court to an eighteen month sentence, which he began serving on September 1, 2002. The Bureau of Prisons (BOP) calculated Rothberg's "good conduct" release date as December 19, 2003, and his full term release date as February 27, 2004. (The accuracy of these calculations is not in dispute). Shortly after commencing his sentence, Rothberg was informed by a BOP unit manager that consistent with then existing BOP policy he could expect to serve the last six months of his sentence in a community confinement center (CCC), or half-way house. However, following the issuance of a Department of Justice (DOJ) memorandum on December 13, 2002, criticizing the BOP's practices with respect to CCC placements generally, the BOP revised its CCC policy to conform to 18 U.S.C. § 3624(c), which authorizes the placement of a prisoner in a CCC setting only during the last 10 percent of his committed sentence (not to exceed six months). In Rothberg's case, the BOP calculated the 10 percent/six month transitional date as November 3, 2003.

Rothberg argues that the change in BOP policy with respect to CCC placement violates the Ex Post Facto Clause, the Administrative Procedure Act, and his rights to due process. It is true, as Rothberg asserts, that a number of district courts have been critical of the DOJ memorandum and the resulting switch in BOP policy, and have found the change, in certain respects, to violate the law. See, e.g., Iacaboni v. United States, 251 F. Supp. 2d 1015 (D. Mass. 2003) (Ponsor, J.). But as respondent points out, these cases address that aspect of the new policy that deals with CCC placement at the outset of a sentence (the principal target of DOJ's wrath). As Judge Lasker noted in a case virtually identical on its facts, the opinions critical of the new policy arose in this latter context and concerned the proper application of 18 U.S.C. §§ 3621(b) and 3625, whereas the controlling statute in a case like Rothberg's is section 3624(c). See Kennedy v. Winn, 03-CV-10568 (D. Mass., July 9, 2003). I agree with Judge Lasker that the BOP's prior interpretation of section 3264(c) was a mistake, and that a constitutional violation cannot arise from the correction of an erroneous interpretation of an otherwise valid law.[1]

ORDER

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED.

SO ORDERED.

---

[1] Rothberg's alternative argument that he had an "enforceable expectation" of a CCC placement because of the prior BOP policy, consistent with the holding of Hewitt v. Helms, 459 U.S. 460 (1983), is not viable in the light of the Court's superseding opinion in Sandin v. Conner, 515 U.S. 472 (1995). Rothberg's claim of equitable estoppel is similarly unavailing. See OPM v. Richmond, 496 U.S. 414, 419 (1990).

_____
UNITED STATES DISTRICT JUDGE