EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
MORRIS M. GOLDINGS,           )
                              )
          Petitioner,         )
                              )
     v.                       )   CIVIL ACTION
                              )   NO. 03-40161-WGY
DAVID L. WINN                 )
Warden, Federal Medical Center,)
Devens Camp,                  )
JOHN ASHCROFT                 )
United States Attorney General,)
                              )
          Respondents.        )
_____)
```

MEMORANDUM AND ORDER

YOUNG, C.J.                                        October 23, 2003

The petitioner, Morris Goldings ("Goldings"), challenges a revised policy of the Bureau of Prisons ("BOP") delaying his eligibility for transfer to a Community Corrections Center ("CCC"). Goldings argues that the revised policy violates the Ex Post Facto Clause, denies his rights to due process, violates the Administrative Procedure Act, and presents an incorrect interpretation of 18 U.S.C. § 3621(b). In cases virtually identical in their facts,[1] Judge Lasker and Judge Stearns of this

---

[1] Like Judge Lasker and Judge Stearns, the Court distinguishes other cases that on different facts have criticized application of the BOP policy. See e.g., Manohan v. Winn, 276 F. Supp. 2d 196 (D. Mass. 2003) (Gertner, J.); Icaboni v. United States, 251 F. Supp. 2d 1015 (D. Mass. 2003) (Ponsor, J.). Because those cases involved assignments to a CCC at the

district have rejected similar challenges raised by other petitioners subject to the BOP policy.  See Kennedy v. Winn, 03-CV-10568 (D. Mass 2003) (Lasker J.); Rothberg v. Winn, 03-CV-11308-RGS (D. Mass 2003) (Stearns, J.).  For the reasons stated by Judge Lasker and Judge Stearns -- in particular, that the BOP's revised policy merely corrected an erroneous interpretation of 18 U.S.C. § 3624(c) -- this Court agrees that no constitutional or statutory violation has been shown.  The Court also agrees that Goldings' alternative arguments concerning equitable estoppel and reasonable expectations must be rejected.  See Rothberg, 03-CV-11308-RGS, at 2 n.1 (citing Office of Personnel Management v. Richmond, 496 U.S. 414, 419 (1990), and Sandin v. Conner, 515 U.S. 427 (1995)).

    Accordingly, the Government's Motion to Dismiss [Doc. No. 9] is ALLOWED.

    SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF JUDGE

---

beginning of a defendant's sentence, they were governed by 18 U.S.C. §§ 3621(b) and 3625.  Goldings' case, in contrast, involves transfer to a CCC at the end of his sentence, and is accordingly governed by 18 U.S.C. § 3624(c).

2