EXHIBIT C

AO 245B (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of Massachusetts

UNITED STATES OF AMERICA

v.

David G. Stern

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 01-10266-NG

Defendant's Attorney: Stephen Hrones

**THE DEFENDANT:**

____ pleaded guilty to count(s): _____.
____ pleaded nolo contendere to counts(s) _____ which was accepted by the court.
__XX__ was **found guilty** on count(s) __1-14, 16, 17 & 18__ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:USC §1341 | Mail Fraud | 2/98 | 1-14, 16 |
| 18:USC §1343 | Wire Fraud | 2/98 | 17, 18 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__XX__ The defendant has been found **not guilty** on count __15__ and is discharged as to such count(s).

IT IS ORDERED that the defendant shall pay a special assessment of $1,700 (total) for counts __1-14, 16, 17 & 18__ which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 000/00/6605

Defendant's Date of Birth: 0/0/1946

Defendant's USM No.: 23799-038

Defendant's Residence Address: 24 Elm St.
Newport, RI 02840

Defendant's Mailing Address: Same as above

9/25/02
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

Nancy Gertner U.S.D.J.
Name and Title of Judicial Officer

10/1/02
Date

I HEREBY ATTEST AND CERTIFY ON __10/2/02__
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY: _[signature]_

AO 245B (Rev 3/01) -Imprisonment
CASE NUMBER: 01-10266-NG                       Judgment - Page __2__ of __4__
DEFENDANT: **David G. Stern**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **30 MONTHS ON COUNTS 1-14, 16,17 & 18 ALL TO BE SERVED CONCURRENTLY WITH EACH OTHER.**

____ The court makes the following recommendations to the Bureau of Prisons:

____ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ on _____
   ☐ as notified by the United States Marshal.

__XX__ **The defendant shall self surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on NOVEMBER 1, 2002.**

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:

_____
Deputy U.S. Marshal

AO 245B (Rev 3/01) -Supervised Release
CASE NUMBER:01-10266-NG
DEFENDANT: **David G. Stern**

Judgment - Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 YEARS**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated)     **XX See special conditions page 3.01**

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **David G. Stern**                                       PAGE 3.01
CRIMINAL NO.**01-10266-NG**

## SPECIAL CONDITIONS OF SUPERVISED RELEASE
(check all that apply)

**XX**   The defendant is prohibited from *possessing a firearm* or other dangerous weapon.

**XX**   The defendant *shall not* represent himself as a financial advisor or invest money for other people.

_____   The defendant is to pay the balance of the *fine* according to a court ordered repayment schedule.

_____   The defendant is prohibited from *incurring new credit* charges or opening additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

_____   The defendant is to provide the probation officer access to any requested *financial information*.

_____   The defendant is to serve _____ months in *home detention*, *(either)* with electronic monitoring and pay a fee of $4.97 for each day under electronic monitoring.

_____   The defendant is to reside for a period of _ months in a *community corrections center* and shall observe the rules of that facility.

_____   The defendant is *true name and will be prohibited from the use of any aliases*, false dates of birth, false social security numbers, incorrect places of birth, and any other pertinent incorrect identifying information.

_____   The defendant is to participate in a program for *substance abuse* as directed by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment.

_____   The defendant is to participate in a *mental health* program as directed by the United States Probation Office.

_____   If ordered *deported*, the defendant is to leave the United States and is not to return without prior permission of the United States Attorney General.

_____   The defendant is to complete __ hours of *community service* at an agency approved by the probation officer.

_____   The defendant is to meet with the *Internal Revenue Service* within the first _____ days of the period of supervision in order to determine the prior tax liability and is to file tax returns and pay any future taxes due

AO 245B (Rev 3/01) -Statement of Reasons
CASE NUMBER:01-10266-NG                              Judgment - Page __4__ of __4__
DEFENDANT: **David G. Stern**

# STATEMENT OF REASONS

__XX__ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

    Total Offense Level: __19__

    Criminal History: __I__

    Imprisonment Range: __30__ TO __37__ months

    Supervised Release Range: __2 TO 3 YEARS__

    Fine Range: __$6,000 to $60,000__

__XX__ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: __N/A__

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. §3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. §3663A(c)(3)(A).

__XX__ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

OR

____ The sentence departs from the guideline range:

    ☐ upon motion of the government, as a result of a defendant's substantial assistance, or

    ____ for the following specific reason(s):