UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID G. STERN,

    Petitioner,

vs.

    CIVIL ACTION NO. 04-10465-NG

DAVID L. WINN, Warden
Federal Medical Center,
Devens,

    HON. NANCY GERTNER, USDJ
    MAGISTRATE JUDGE DEIN

    Respondent.

_____/

## MOTION TO STRIKE DECLARATION OF PATRICK W. WARD

NOW COMES the above named Petitioner, DAVID G. STERN, Pro Se and pursuant to FRCP 12(f) respectfully requests that a portion of the Declaration of Patrick W. Ward be stricken along with references to said portions in the Memorandum of Law submitted by counsel in support of Respondent's Motion to Dismiss and states to the Court as follows:

1. On March 8, 2004, Petitioner, DAVID G. STERN ("Stern") filed a Petition for Writ of Habeas Corpus pursuant to 28 USC § 2241 and §2243 seeking relief from the Respondent Warden's policy of limiting inmates to placement in a CCC (Community Corrections Center-half-way house) to the last 10% of their custodial term.

2. The Petition was based on the prior practice and policies in place at Camp Devens which allowed for a transfer of inmates for placement in a CCC for a period of six months.

3. Stern set forth in paragraph 22 of his Petition that "[o]n or about February 15, 2004, [he] filed a BP 8 1/2 as part of the Request for Administrative Remedy Process with the staff at Camp Devens." (A copy of the BP 8 1/2 is attached as **EXHIBIT "1"**).

-1-

4.  On March 24, 2004, an Order to Show Cause was issued directing the Respondent Warden to file a reply within 60 days of the receipt of the Petition.

5.  On or about May 24, 2004, the Respondent filed his Motion to Dismiss the Petition pursuant to FRCP 12(b)(6).

6.  Accompanying the above referenced Motion to Dismiss was a Declaration of Patrick W. Ward, an Attorney Advisor employed by the BOP at FMC Camp Devens.

7.  In an effort to discredit the Petitioner, Ward asserted in his Declaration that "[A] review of [Petitioner's] Administrative Remedy Record revealed that he has not utilized the Administrative Remedy Process to file a **single** administrative remedy submission on the issue presented in his Petition." (EMPHASIS ADDED).

8.  The Declaration contains false statements of fact which were submitted for the sole purpose of misleading the Court and should be sanctioned by having the Declaration pertaining to those false statements being stricken from the records and not allowing the Respondent to rely upon the defense of the failure to exhaust administrative remedies.

9.  It is absolutely clear that Paragraph 4 of the Declaration is false as evidenced by the EXHIBITS attached to this Motion.

10. Further, counsel for the Respondent on page 3 of his Memorandum in Support of the Motion to Dismiss restates the misleading facts denoted in the Ward Declaration by asserting that Petitioner has not sought to exhaust his administrative remedies.

11. On February 15, 2004, the Camp Counsellor executed a written denial of the BP 8 1/2 submitted by Stern, indicating that the staff at Camp Devens were "unable to resole [the request] at this level." The denial was confirmed on February 26, 2004 when the Unit Manager executed **EXHIBIT "1"** and stated that staff "cannot resolve this issue with the inmate,"

12. Subsequently, on March 1, 2004, Stern submitted a BP-9 and directed this Request directly to the Respondent Warden. (A copy of the BP-9 is attached as **EXHIBIT "2"**).

13. As of the date of the filing of this Motion, neither the Staff nor the Respondent Warden have replied to the BP-9.

14. The failure to respond to the BP-9 on a timely basis constitutes a denial pursuant to the Code of Federal Regulations and also violates the premise of the Prison Litigation Reform Act (PLRA).

15. Stern will submit a BP-10 to the Northeast Regional Office even though he deems it an act of futility in light of his present knowledge that **every** inmate who has proceeded with the filing of an Administrative Remedy Request seeking similar relief for placement at a CCC for six months has been denied such relief.

16. In addition, Stern affirmatively states that the sole purpose of demanding and pleading a failure of exhaustion of administrative remedies is to delay, obfuscate, and ultimately render moot any potential claims for relief with respect to six months CCC placement.

17. The Assistant U.S. Attorney is fully aware that Exhaustion of Administrative Remedies has been held to be futile in many cases, and that by reliance upon the Declaration of Patrick W. Ward, he was aware or should have been aware that the statements presented to the Court were false and intended

to mislead the Court in the best light and perjurious and sanctionable if the Court finds that the statements were made recklessly or in bad faith in the worst light.

18. Pursuant to FRCP 12(f) "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

19. The statements in paragraph 4 of the Ward Declaration and in the Memorandum in Support of the Motion to dismiss which references any failure to exhaust administrative remedies is a reliance upon an "insufficient defense" in light of the Exhibits attached to the instant motion.

20. This Motion to Strike paragraph 4 of the Ward Declaration and any reference in the pleadings to the alleged failure to exhaust administrative remedies is reasonable under the circumstances.

WHEREFORE, Petitioner, DAVID G. STERN respectfully requests that this Honorable Court grant the Motion to Strike paragraph 4 of the WARD DECLARATION and cause to be stricken any reference to the alleged failure to exhaust administrative remedies in the pleadings filed by the Respondent.

DATED:   JUNE 1, 2004

RESPECTFULLY SUBMITTED,

DAVID G. STERN
23779 -038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432