UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID G. STERN,

    Petitioner,

vs.                                                         CIVIL ACTION NO. 04-10465-NG

DAVID L. WINN, Warden                                       HON. NANCY GERTNER, USDJ
Federal Medical Center,                                     MAGISTRATE JUDGE DEIN
Devens,

    Respondent.

_____/

MEMORANDUM IN SUPPORT OF MOTION TO
STRIKE DECLARATION OF PATRICK W. WARD

NOW COMES the above named Petitioner, DAVID G. STERN, Pr Se and hereby submits this Memorandum in Support of the Motion to Strike the Declaration of Patrick W. Ward and in support states as follows:

FACTS

The facts outlined in the accompanying Motion to Strike are relied upon for the purpose of the Court disposing of the Motion.

LEGAL AUTHORITY

Federal Rules of Civil Procedure FRCP 12(f) states in relevant part:

> "Upon motion made by a party before responding to a pleading... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Rule 12(f) Motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy because it is often sought by the movant simply as a dilatory tactic." **Waste Management Holdings Inc., v. Gilmore, 252 F3d 316, 347 (4th Cir. 2001).**

Nevertheless, "a defense that might confuse the issues in the case and

would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." Wright & Miller **Federal Practice and Procedure §1381, 665 (2ed 1990).**

Motions under FRCP 12(f) are reviewed for an abuse of discretion. **Talbot v. Robert Matthews Distributing Co., 961 F2d 654, 664-65 (7th Cir. 1992).**

When material is prejudicial to a party, Motions to Strike are generally considered and granted. **Davis v. Ruby Foods Inc., 269 F3d 818, 821 (7th Cir. 2001).**

Generally, the Courts have permitted the striking of those portions or specific passages in pleadings which were not relevant or were in appropriate. **Stansbury Law Firm v. IRS., 221 f3d 1059, 1063 (8th Cir. 2000).**

In the instant case, the Court by examining **EXHBITS "1" and "2"** attached to the Motion to Strike can clearly see that Petitioner has pursued his Administrative Remedies and that any statements in the Ward Declaration or in the Memorandum in Support of the Motion to Dismiss is false, misleading and totally inappropriate.

Based upon the facts recited in the Accompanying Motion and the legal authority presented, the Petitioner requests that Stern's Motion to Strike be granted and whatever relief the Court deems appropriate so that justice is served is granted as well.

DATED:   JUNE 1, 2004

RESPECTFULLY SUBMITTED,

DAVID G. STERN
23799-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432

## CERTIFICATE OF SERVICE

I, DAVID G. STERN, hereby certify that on the ___l___ day of June, 2004 I placed a copy of the Motion to Strike Declaration of Patrick W. Ward and memorandum in Support of Motion to Strike, in the mail box located at the Federal Medical Center, Camp Devens, in Ayer, Massachusetts in an envelope sent first-class mail with postage pre-paid and addressed to:

JEREMY M. STERNBERG
ASST. U.S. ATTORNEY
DISTRICT OF MASSACHUSETTS
1 COURTHOUSE WAY
SUITE 9200
BOSTON, MASSACHUSETTS 02210

DATED:    JUNE ___l___, 2004

RESPECTFULLY SUBMITTED,

DAVID G. STERN
23799-038 UNIT I (CAMP)
FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 879
AYER, MA. 01432