UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID G. STERN,
    Petitioner

v.

DAVID L. WINN, Warden
    Respondent

FILED
IN CLERKS OFFICE
2004 JUL -7 P 12: 14
U.S. DISTRICT COURT
DISTRICT OF MASS

## MOTION FOR ADDITIONAL RELIEF

NOW COMES the Petitioner, David G. Stern and moves that this Honorable Court grant the following additional relief: immediate release of Stern from his incarceration and herein sets forth the following reasons:

1. Stern was charged in an indictment in the United States District Court for the District of Massachusetts on July 18, 2001, with sixteen (16) counts of mail fraud (18 U.S.C. §1341) and two (2) counts of wire fraud (18 U.S.C. §1343).

2. A jury trial was held on April 1-4, 2002 before the Honorable Nancy Gertner, United States District Judge.

3. Over Stern's objections, citing Apprendi v. New Jersey, 530 US 466 (2000), this Court refused to include on the jury verdict form the amount of the alleged loss.

4. Stern was found guilty of counts 1-14, 16, 17 and 18 but acquitted of count 15.

5. On September 25, 2002, Stern was sentenced by this Court to a term of imprisonment of thirty (30) months, plus three (3) years of supervised release.

6. Stern was neither fined nor ordered to pay restitution since he had previously paid any and all amounts in question back to the alleged victim over 2 1/2 years **before** the issuance of the criminal indictment.

7. In calculating Stern's sentence, this Court enhanced the base offense level of six (6) points by: two (2) points for minimal planning (not charged in the indictment nor found by the jury); two (2) points for fiduciary relationship (not charged in the indictment nor found by the jury); and nine (9) points for a "loss" of $450,000 (not charged in the indictment nor found by the jury).

8. The result of the so called enhancements was to increase Stern's sentence from a range of 0-6 months to a range of 30-37 months, plus the corresponding increase in supervised release.

9. On October 1, 2002, a Judgment of Conviction was entered by the Hon. Nancy Gertner.

10. On October 4, 2002, Stern filed a timely Notice of Appeal in the First Circuit Court of Appeals.

11. On January 6, 2003, Stern self-surrendered to the Federal Medical Center-Devens, Ayer, MAssachusetts, where he remains incarcerated.

12. On February 19, 2004, the First Circuit Court of Appeals entered a Judgment affirming the Judgment of Conviction saying in relevant part:

> "Stern acknowledges that this court has already rejected his argument invoking Apprendi v. New Jersey (citation omitted). 'Apprendi simply does not apply to guideline findings that increase the defendant's sentence, but do not elevate the sentence to a point beyond the applicable statutory maximum.' United States v. Caba, 241 F. 3d 98, 101 (1st Cir. 2001) 'Nothing in Apprendi or [other] cases' --including Ring v. Arizona, 536 US 584 (2002), the grant of certiorari in Blakely v. Washington, 124 S.Ct.429, (October 20, 2003), and the United States v. R.L.C., 503 US 291 (1992), the trio of cases cited by Stern -- 'calls into question the validity of the Sentencing Guidelines.' United States v. Goodine, 326 F 3d 26, 33 (1st Cir. 2003), pet. for cert. filed (October 16, 2003). For the present we have no reason to think that Apprendi will be applied to the federal guidelines."

13. On March 25, 2004, Stern filed a Petition for Panel Rehearing and for En Banc Determination, which was denied on April 22, 2004. Stern's Petition for Writ of Certiorari is presently due on July 22, 2004.

14. On June 24, 2004, the Supreme Court of the United States rendered its decision in <u>Blakely v. Washington</u>, 542 US __ (2004).

15. The impact of the <u>Blakely</u> decision as it relates to Stern's sentencing is as obvious as it is significant.

16. The Court held that any fact that increases the upper range of a judge's sentencing descretion is an element of the offense. Further, that facts which had historically been taken into account by judges at sentencing to assess the sentence within the range of punishment, such as drug quantity, money amounts, role in the offense-must now be charged in the indictment and submitted to the jury.

17. Committing the Court to <u>Apprendi</u>, Justice Scalia, writing for the majority finds that "[o]ur precedents make clear, however, that the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict</u>" (Court's emphasis) <u>Blakely</u>, slip opinion at page 7.

18. "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose <u>without</u> any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts...and the judge exceeds his [her] proper authority." <u>Blakely</u>, slip opinion at page 7.

19. Even the dissentors in <u>Blakely</u> acknowledge that "under the majority's approach, any fact that increases the upper bound on a judge's sentencing discretion is an element of the offense." <u>Blakely</u>, O'Connor, J. dissenting, slip opinion at page 5.

20. Stern is presently incarcerated in direct contravention of his Constitutional rights as articulated by the Court in <u>Blakely</u> and <u>Apprendi</u> and he has served twelve (12) **more** months than the maximum sentence this Court was permitted to find.

21. 28 U.S.C. §2241 (c)(3) grants this Court power to grant a Writ of Habeas Corpus in the instant case where Stern "is in custody in violation of the Constitution..." "[I]t is uncontitutional...to remove from the jury the assessment of facts that increase the prescribed range of penalties to which the criminal defendant is exposed." Apprendi at page 490-491.

22. This Court is uniquely positioned by virtue of this instant action, and by the powers conferred upon it by §2241 to immediately remedy or at least mitigate the damage done to Stern and his family by the continued deprevation of his liberty.

23. Justice Scalia's opinion in Withrow v. Williams, 507 US 680 (1993) makes it abundently clear that "[b]y statute a federal habeas corpus court has jurisdiction over any claim that a prisoner is 'in custody' in violation of the constitution..." at page 715. He further opines that "jurisdiction... is...sweeping in breadth." Withrow at page 715

24. "Federal courts have been authorized to issue writs of habeas corpus since the enactment of the Judiciary Acts of 1789, and §2241 of the Judicial Code provides that federal judges may grant a writ of habeas corpus on the application of a prisoner held in custody in violation of the Constitution or laws or treaties of the United States." (internal quotes omitted) I.N.S. v. St. Cyr 533 US ___ (2001), Criminal Law Reporter Vol. 69, No. 13, p. 405.

25. There is no defensible reason in light of §2241, Withrow, Apprendi and Blakely and the Constitutional rights they protect, why Stern should not be forthwith released from incarceration. He has served **no less than one year more than Constitutionally permitted.**

26. Stern also asserts that Blakely "casts Constitutional doubt over" the validity of his conviction in as much as the indictment failed to include essential elements of the crime for which he was charged. Blakely, O'Connor, J. dissenting, slip opinion page 11. See United States v. Cruikshank, 92 US 542, (1876), In Re Winship, 397 US 358 (1970) and United States v. Gaudin, 515 US 506 (1995).

WHEREFORE, the Petitioner, David G. Stern, prays that this Honorable Court forthwith enter an Order that he be immediately released from custody and for whatever relief this Court deems meet and just.

Respectfully submitted,

_____
David G. Stern
23799-038
Federal Medical Center-Devens
P.O. Box 879
Ayer, MA 01432

Dated: July 5, 2004

CERTIFICATE OF SERVICE

I, David G. Stern, hereby certify that on July 5, 2004, I placed a copy of the within Motion for Additional Relief, in the mail box located at the Federal Medical Center-Devens, in Ayer, Massachusetts in an envelope sent first-class mail with postage pre-paid and addressed to:

Jeremy Sternberg
Assistant United States Attorney
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Dated: July 5, 2004

_____
David G. Stern

-5-