UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID G. STERN, )<br>      Petitioner )<br>v. )<br>DAVID WINN, )<br>      Respondent. ) | CIVIL ACTION NO. 04-10465-NG |

**RESPONDENT'S OPPOSITION TO PETITIONER'S
MOTION FOR ADDITIONAL RELIEF**

Respondent opposes petitioner David G. Stern's ("Stern's") motion for additional relief, in which Stern seeks his immediate release from incarceration based on the contention that the Supreme Court's recent decision in Blakely v. Washington, 2004 WL 1402697 (June 24, 2004) caps his maximum sentence at 6 months. (Motion at ¶¶ 8, 20).

Putting aside the substantive flaws in Stern's argument, his motion is fatally deficient on jurisdictional grounds. Stern filed this action under 28 U.S.C. § 2241 to challenge the Bureau of Prison's execution of his sentence – specifically, BOP's alleged refusal to designate Stern for transfer to a community corrections center six months prior to his scheduled release from incarceration. The respondent moved to dismiss; Stern opposed; and the issue has been fully briefed.

Stern now seeks to transmogrify what was a challenge to BOP's halfway house policy into a direct assault on his underlying conviction and Guidelines-imposed sentence. This he cannot do -- not in this action, under the guise of a 2241 petition.

**1**

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 provides a means by which a prisoner may challenge the execution of his sentence or the manner in which that sentence is served. Charles v. Chandler, 180 F.3d 753, 755 (6th Cir. 1999); United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); United States v. DiRusso, 535 F.2d 673, 674 (1st Cir. 1976); see Gomori v. Arnold, 533 F.2d 871, 874 (3rd Cir. 1976) (§ 2241 appropriate "where petitioner challenges the effect of events 'subsequent' to his sentence"). Section 2241 claims may not be used by a federal prisoner to contest the validity of his underlying conviction or the sentence imposed on that conviction. The latter arguments must either be raised on direct appeal from the criminal judgment, or, after that judgment has become final, pursuant to a claim timely filed under 28 U.S.C. § 2255. Charles, 180 F.3d at 755; DiRusso, 535 F.2d at 674-76.

Stern's ability to pursue direct appellate review from his underlying conviction and sentence has not yet expired. Prior to commencing this action, Stern filed a notice of appeal to the First Circuit from the judgment entered in his criminal case. The First Circuit affirmed his conviction and sentence on February 19, 2004. Stern timely sought a rehearing by the panel and by the court en banc. The First Circuit denied that petition on April 22, 2004. The time for Stern to file a petition for a writ of certiorari remains open. The Supreme Court recently extended that deadline, on Stern's motion, to September 19, 2004. Thus, should Stern wish to invoke Blakely to challenge his sentence, he may do so directly, through the appeal avenues still open to him.[1]

---

[1] Respondent notes that Stern has filed an Application for Release with the Supreme Court, citing Blakely. He also has filed a motion to recall mandate and a motion for release on bail with the First Circuit, again citing Blakely.

**2**

What Stern cannot do is try to use this action under 28 U.S.C. § 2241 to mount a constitutional challenge to the validity of the sentencing court's computation of his sentence under the Sentencing Guidelines. Such claims fall outside the jurisdictional scope of § 2241. E.g., Barrett, 178 F.3d at 38 (a prisoner cannot "evade the restrictions of Section 2255 by resort to the habeas statute, 28 U.S.C. § 2241"), 57; accord Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (§ 2241 petition that seeks to challenge validity of federal sentence must either be dismissed or construed as § 2255 motion); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (dismissing § 2241 petition that stated claim under § 2255); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981) ("[a]ttacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)).

## CONCLUSION

For the reasons set forth above, the respondent respectfully requests that petitioner's motion for additional relief be denied.

Respectfully submitted:

DAVID WINN

By his attorney,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ **Michael J. Pineault**
Michael J. Pineault
Assistant United States Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3261

Dated: July 14, 2004

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by first class mail.

    Mr. David G. Stern, pro se
    23799-038 Unit I (Camp)
    Federal Medical Center, Devens
    P.O. Box 879
    Ayer, MA 01432

This 14th day of July, 2004.

                                 **/s/ Michael J. Pineault**_____
                                 Michael J. Pineault