David Stern
23799-038
Federal Medical Center-Devens
P.O. Box 879
Ayer, MA 01432

July 26, 2004

Hon. Nancy Gertner
United States District Judge
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Re: David G. Stern v. David L. Winn
    Civil File # 04-10465-NG

Dear Judge Gertner,

    This letter is being forwarded to the Court in order to draw attention to the recent holding in Oregon v. Ashcroft, 368 F3d 1118 (9th Cir. 2004) filed May 24, 2004. Although not a "half way house" case, its holding regarding the issue of deference to the government's interpretation of the "six month" policy is particularly 'on point'. The Court held that "[they] are under no obligation to defer to the Attorney General's interpretation..." when that "[a]gency's determination...squarely conflicts with governing statutes". (citation omitted). Oregon at 1129.

    Footnote 11 on the following page is even more persuasive saying "The Supreme Court has also refused to extend deference to an agency's interpretation of a regulation when, as here, it conflicts with the agency's previous interpretation of the same regulation." Norfolk S. Railway Co. v. Shanklin, 529 US 344 (2000). Unfortunately, Petitioner is unable to reproduce this case for the Court because of the limited resources available to him while incarcerated.

    The Court is also reminded that in the event it does not grant the relief sought in Petitioner's Motion for additional Relief filed July 7, 2004, his six month date is September 9, 2004. He further wishes to point out to the Court

Page Two

that at least in so far as FMC-Devens-Camp is concerned, the Bureau of Prisons has adopted a "de facto" policy of further reducing the half way house experience by scheduling release weeks after the so called 10% date has been reached. In the case at bar, Petitioner's 10% date is December 21, 2004, whereas he has been inofrmed that without any explanation, he won't be released until January 7, 2005. Just a brief look at the calendar identifies the "extra" importance of those seventeen (17) days. Petitioner has been informed that he has been assigned to the Barnstable House of Correction (with recommendation for home release). Petitioner resides and works in Newport, RI.

Bearing in mind the tactics heretofore adopted by the government in many other half way house cases involving timely release (without retribution), Petitioner respectfully requests that in the event the Court refuses to grant him the relief sought in his July 7, 2004 Motion but is disposed to grant him six month half way house relief, that the Court order that Petitioner be released on September 9, 2004, and if for any reason (other than Petitioner's conduct) the BOP is unwilling or unable to place him in the Barnstable facility on that date, that it be ordered to release Petitioner to home release subject to whatever conditions Probation shall determine.

Yours very truly,

David Stern

cc: Jeremy Sternberg, AUSA
bcc: Clerk-United States District Court