David Stern
23799-038
Federal Medical Center-Devens
P.O. Box 879
Ayer, MA 01432



August 3, 2004

Honorable Nancy Gertner
United States District Judge
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Re: David G. Stern v. David L. Winn
    Civil File # 04-10465-NG

Dear Judge Gertner,

The purpose of this letter is to direct the Court's attention to three (3) distinct issue relating to the above captioned case.

This Honorable Court in the matter of <u>United States v. Mueffleman</u> (citation omitted) held that <u>Blakely v. Washington</u>, 542 US __ (2004), affirming the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 US 466 (2000), applies to the federal sentencing guidelines. Further, you found that as a consequence, the federal sentencing guidelines are rendered unconstitutional. Thus, the Petitioner asserts, that if the Court follows its own line of reasoning espoused in <u>Mueffleman</u> to the instant case, then Petitioner's Motion for Additional Relief should be forthwith granted since he in being incarcerated in violation of the provisions of the Constitution of the United States. It cannot be controverted that the purpose of a Writ of Habeas Corpus-the Great Writ- is to afford relief to those who are being imprisoned unconstitutionally.

Secondly, the Court is directed to the recent Opinion and Order of Judge Barbara B. Crabb of the Eastern District of Wisconsin in the matter of <u>Yancey L. White v. Joseph Scribana</u>, case number 03-C-581-C, where she held, in the context of a 28 U.S.C. §2241 petition, that the Bureau of Prisons

-1-

has routinely miscalculated "good time". The Court found that 18 U.S.C.§3624(b) clearly requires the BOP to calculate an inmate's good on the basis of the inmate's sentence rather than on time served, concluding "that §3624(b) is unambiguous: 'term of imprisonment' means 'sentence imposed'." Unfortunately, because the resources available to the Petitioner as an incarcerated inmate are limited, I am unable to provide the Court with a copy of Judge Crabb's decision (April 23, 2004). The net effect to the Petitioner is that should the Court elect to follow th analysis suggested by Judge Crabb in her thorough and well reasoned opinion (16 pages), his six month date would be August 19, 2004, rather than September 9, 2004. The importance is twofold: obviously Petitioner would be afforded additional half way house time enabling him to renewing gainful employment and begin to return to some sort of normalcy after being in prison for nineteen months; and further, the "new" date is only two weeks away, thus suggesting that the issues raised by the Petitioner in both his Motion for Additional Relief and the relief sought in the Petition, require the Court's immediate attention.

Thirdly, should the Court decide to deny both his Additional Relief and his "six-month" Relief, Petitioner wishes to point out that the BOP methodology used in connection with the calculation of good time, is also used in the calculation of the so-called 10% date. That is to say, the Bureau of Prisons misapplies the "unambiguous" language in §3624 but determining the 10% date of an inmate based upon the time served rather than the sentence imposed. Utilizing Judge Crabb's analysis, Petitioner's release date would be February 19, 2005 NOT March 9, 2005. Correspondingly, his 10% date would be November 19, 2004 rather than December 21, 2004. The Court is reminded that despite the fact that his current, albeit miscalculated, 10% date is December 21, 2004, for no apparent reason he is not being released into half way house until January 7, 2005. Simply by applying the correct formula, the Petitioner's half way house date is almost a month earlier, rather than three week later.

Petitioner respectfully requests that the Court take a hard look at the foregoing and render its decision as soon as possible bearing in mind that Petitioner has been incarcerated for nineteen months already.

yours very truly,

David G. Stern

cc: Jeremy Sternberg, AUSA
    Clerk, United States District Court.