UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID G. STERN,
    Petitioner

v.    CIVIL ACTION NO. 04-10465-NG

DAVID L. WINN, WARDEN,
    Respondent

MOTION FOR IMMEDIATE ENTRY OF JUDGMENT/ORDER

NOW COMES the Petitioner, David G. Stern, and moves that this Honorable Court immediately enter a Judgment/Order requiring the Respondent to forthwith release Stern into community confinement or CCC and in the event the Respondent is unable to do so immediately for any reason, including lack of availability, then to transfer Stern to home confinement under such terms and conditions as this Court shall recommend to the Probation Department, and herein sets forth the following reasons:

    1. Stern filed the present action in March, 2004 claiming that the "new" BOP policy regarding release into community confinement was incorrect as a matter of statutory interpretation, violated ex post facto, APA and due process.

    2. The Respondent thereupon filed a Motion to Dismiss, to which Stern filed a Response, together with a Motion to Strike Declaration of Patrick Ward.

    3. On June 24, 2004, the Supreme Court of the United States issued its decision in Blakely v. Washington, 542 US__ 2004, whereafter Stern filed a Motion for Additional Relief, to which the Respondent filed an objection.

    4. Stern has provided the Court with a number of decisions regarding issues he has raised before the Court, including but not limited to the routine miscalculation by the BOP of "good time" credits. Stern has also cited numerous cases demonstrating the government's "bad faith" in complying with Court orders.

    5. In an opinion dated September 3, 2004, but released on September 9, 2004 in the matter of Goldings v. Winn and Ashcroft, No. 03-2633, the Court of Appeals for

-1-

the First Circuit clearly found that "[a]lthough the change in policy has generated a flood of lawsuits in the federal district courts, no court of appeals has yet spoken on the validity of the BOP's new policy. We do so here and conclude that the new policy is contrary to the plain meaning of 18 U.S.C. § 3621 (b)." slip opinion at pages 2-3. The Court vacated the district court order granting the Respondents motion to dismiss.

6. Stern asserts that the facts in the instant case (as they apply to the BOP policy, as distinquished from the issues raised in his Motion for Additional Relief) are virtually identical to those in the Goldings case and thus with regard to those issues (at a minimum) he should be granted immediate relief. To assume that BOP will act in good faith and act consistently with the holding in Goldings simply flies in the face of the actions taken to date in both the instant case and other cases thorughout the country. In the instant case, despite the fact that Stern has been an exemplary inmate; receiving outstanding work reports, maintaining clear conduct, being granted a social furlough to visit his home and family and serving as one of two town drivers at FMC-Devens, permitting him to drive a vehicle unsupervised throughout central and eastern Massachusetts, the BOP delayed Stern's release to CCC from his 10% date (December 21 or November 19 depending on how good time is calculated) to January 7, 2005, a reduction of an additional almost 25% of the time espoused under the "new" but invalid policy.

7. Stern further asserts that in the event this Court's Order is not forthwith implemented, he will be subject to retribution, as others have experienced.

8. While Stern is hopeful that the Court will rule favorably upon his Motion for Additional relief, he wishes to point out to the Court that his six month date, even under the BOP "miscalculation" has already passed (September 9, 2004).

WHEREFORE, Petitioner, David G. Stern, prays that this Honorable Court enter an appropriate Judgment/Order forthwith and grant Stern whatever relief this Court deems meet and just.

Respectfully submitted,

_____
David G. Stern
23799-038
Federal Medical Center-Devens
P.O. Box 879
Ayer, MA 01432

September 13, 2004

CERTIFICATE OF SERVICE

I, David G. Stern, hereby certify that a copy of the within Motion for Immediate Entry of Judgment/Order was this day mailed, postage pre-paid, first class mail, to Jeremy Sternberg, Assistant United States Attorney, 1 Courthouse Way, Boston, MA 02210.

_____
David G. Stern

September 13, 2004