### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID G. STERN,<br>    Petitioner,<br><br>    v.<br><br>DAVID L. WINN, Warden,<br>    Respondent. | )<br>)<br>)<br>)    C.A. No.04-10465-NG<br>)<br>)<br>) |

GERTNER, D.J.

### MEMORANDUM AND ORDER
### October 29, 2004

Petitioner Stern was sentenced in this Court on September 25, 2002 to a thirty-month sentence for mail and wire fraud. He is currently serving his sentence at Camp Devens Federal Medical Center.  In a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, petitioner challenges the length and nature of his confinement under two provisions of the Sentencing Reform Act (SRA).  Specifically, petitioner challenges as unlawful the Bureau of Prison's (BOP) method for calculating a prisoner's community confinement. Petitioner has also filed several additional motions in the course of litigating his habeas claims - these motions are addressed in part II of this memorandum.

Defendant has filed a motion to dismiss Stern's petitioner (docket # 5).  That motion is **GRANTED**.

### I.   Community Confinement Calculation

Petitioner's first claim that an unlawful BOP change of policy, as directed by the Department of Justice (DOJ),

resulted in limiting his eligibility for community confinement
to the final ten percent of his sentence (3 months), was
entirely resolved by the First Circuit's decision in <u>Goldings
v. Winn</u>, 383 F. 3d 17 (1st Cir. 2004).

The policy Stern challenges derives from the BOP's
interpretation of two provisions of the SRA - 18 U.S.C. §§
3621(b) and 3624(c).  Section 3621(b) allows the BOP to
designate "any available penal or correctional facility" as a
place of imprisonment to which a prisoner may be transferred
"at any time... ."  18 U.S.C. § 3621(b).  Section 3624(c)
directs the BOP to "assure that a prisoner serving a term of
imprisonment spends a reasonable part, not to exceed six
months, of the last ten per centum of the term to be served
under conditions that will afford the prisoner a reasonable
opportunity to adjust to and prepare for the prisoner's re-
entry into the community."  18 U.S.C. § 3624(c).  The BOP
reads section 3624(c) as limiting its discretion to release a
prisoner to community confinement to the very end of his
sentence, arguing that the discretion afforded in section
3621(b) does not apply to community confinement centers
because they are not "place[s] of imprisonment."  18 U.S.C. §
3621(b).

2

In Goldings, the First Circuit found that (1) the SRA conferred discretionary authority upon the BOP to determine when a prisoner is eligible for pre-release custody; (2) section 3624(c)'s pre-release custody provision, which limits the BOP to considering pre-release *custody* only at the very end of a prisoner's sentence, does not prohibit the BOP from considering *other pre-release alternatives*, like community confinement, at an earlier stage; and (3) in light of the SRA's grant of broad discretionary authority for the BOP to designate the place of imprisonment, a community corrections facility qualifies as a "penal or correctional facility," 18 U.S.C. 3624(c), and in turn qualifies as a "place of imprisonment" under the SRA. 18 U.S.C. § 3621(b).

On September 17, 2004, shortly after the First Circuit decided Goldings and in light of that opinion, this Court issued an order directing the BOP to "fairly and impartially consider whether Petitioner qualifies for transfer into a community confinement facility... The [Goldings] decision makes clear that there is no legal bar preventing the [BOP] from" considering community confinement at this point in Petitioner's term of imprisonment.  Order dated September 17, 2004, Stern v. Winn, No. 04-10465-NG (D. of Mass.).

Since September 17, 2004, Petitioner has filed an
onslaught of motions and letters asking this Court for various
kinds of relief pursuant to the Goldings decision, including
ordering the BOP to release him, ordering the BOP to
recalculate the length of his community confinement, and
recommending that he be released to home confinement.  See
Docket Entries ##23, 26, 27, 28, 29, 31, Stern v. Winn, No.
04-10465-NG (D. of Mass.).  It is clear from the text of
Petitioner's pleadings that he is mistaken about the
implications of Goldings.

Rather than *direct* the BOP to relocate prisoners to pre-
release custody (i.e. community confinement) for the latter
part of their sentence – Petitioner's mistaken interpretation
of Goldings - Goldings simply *authorizes* the BOP to *consider*
community confinement at any time during a prisoner's sentence
– "[t]he BOP's discretionary authority under § 3621(b) is not
subject to the temporal limitations of § 3624(c)."  Goldings,
383 F.3d at 28-29.

As such, this Court's order dated September 17, 2004,
properly directed the BOP to consider whether Petitioner
qualifies for transfer into a community confinement facility;
Petitioner is not entitled to any further relief as to this
claim.

For the foregoing reasons, Petitioner's petition for a writ for habeas corpus, as originally filed, is **DENIED**.[1] Respondent's motion to dismiss is hereby **GRANTED**. Petitioner's subsequent Motion for Immediate Entry of Judgment/Order, filed September 14, 2004, is **DENIED** as moot.

## II.  Petitioner's Other Outstanding Motions

### A.  Motions for Release to Home Confinement and Transfer

Petitioner first filed a motion asking this Court to recommend to the BPO and the Community Corrections Manager that he be released to home confinement "so as to enable him to resume employment" with an internet company he founded in 2000.  Motion to Recommend Release filed September 21, 2004, Stern v. Winn, No. 04-10465-NG (D. of Mass.). One week later, Petitioner filed a motion asking this Court to order the BOP to re-designate him to from one corrections facility, Barnstable House of Correction, to another, Coolidge House in Boston, Massachusetts.  Motion for Redesignation filed September 28, 2004, Stern v. Winn, No. 04-10465-NG (D. of Mass.).

Neither of these requests are within this Court's jurisdiction.  Accordingly, Petitioner's Motion to Recommend

___

[1] Petitioner's subsequently filed claim regarding the calculation of his good credit time per 18 U.S.C. § 3624(b) is considered separately infra.

Release, dated September 21, 2004, and Motion for

Redesignation, dated September 28, 2004, are hereby **DENIED**.

    B.   <u>**Procedurally Barred Claims**</u>

    On July 7, 2004, five months after filing his habeas

petition, Petitioner filed a Motion for Additional Relief

alleging that he is entitled to immediate release in light of

the Supreme Court's decision in <u>Blakely v. Washington</u>, 124

S.Ct. 2531 (2004).  In another motion filed subsequent to the

filing of his initial complaint, <u>see</u> Motion to Recalculate

filed September 21, 2004, <u>Stern v. Winn</u>, No. 04-10465-NG (D.

of Mass.), Petitioner asks this Court to order the BOP to

recalculate his good time credit according to his

interpretation of 18 U.S.C. § 3624(b)'s direction that "a

prisoner who is serving a term of imprisonment of more than 1

year... may receive credit toward the services of the

prisoner's sentence, beyond the time served, of up to 54 days

at the end of each year of the prisoner's term of

imprisonment, beginning at the end of the first year of the

term... ."  18 U.S.C. § 3624(b).

    Neither of these claims appeared in Petitioner's original

habeas petition, nor did he ever attempt to amend his petition

to add these claims, as is required by the Federal Rules of

Civil Procedure.  <u>See</u> Fed. R. Civ. Pro. 7, 8, 10 & 15.

**CONCLUSION**

For the foregoing reasons, defendants' habeas petition is hereby **DISMISSED**.


**SO ORDERED.**

October 29, 2004                          s/ NANCY GERTNER,U.S.D.J.