David Stern
Coolidge House
307 Huntington Avenue
Boston, MA 02115

November 20, 2004

Honorable Nancy Gertner
United States District Judge
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

RE: David Stern v. David Winn CA No. 04-10465-NG

Dear Judge Gertner,

    Notwithstanding your allowance of Respondent's Motion to Dismiss by Memorandum and Order dated October 29, 2004, it is imperative that the Court is made aware of the retributive and arbitrary manner in which the BOP has operated, without accountability, in open contempt for the Court's authority and in complete disregard of its Orders.

    On October 13, 2004, following the Court's Order of September 17, 2004, I was transferred to Barnstable County Correctional Facility (BCCF), a medium-high institution, from FMC Devens-Camp, where I was one of only two town drivers. Irrespective of my documented medical condition, I was assigned to employment at a dust laden woodworking factory, which looked like something out of a Dickens' work house (there wasn't even water available for employees to drink). I immediately experienced a tightening of my chest and difficulty breathing consistent with my asthma. I was removed from the site by Ken Fraser, director of community corrections, who told me that had he known of my medical condition, he never would have qualified me for the BCCF program. I pointed out to him that his office had had a copy of my PSI, which well documented my conditions. He stated that in order to facilitate my transfer (he was unspecific regarding where that somewhere would be), he would have to write up an incident report, which after investigation was expunged. Upon my return that day to BCCF, I was placed in administrative segregation, a 23 hour lock down…for three weeks until I was finally transferred to Coolidge House on November 3, 2004.

    Since my arrival, I have been targeted by BOP Community Corrections Manager David Dwyer and subjected to the kind of retribution the Court alluded to in <u>Monahan v. Winn</u>. I have tried to address the issues directly with Mr. Dwyer, see attached letter, but to no avail. I have tried to informally resolve the issues with AUSA Sternberg with identical non-results (see attached).

Page Two

    It appears that the Bureau of Prisons may do whatever it likes and without cause. I cannot and will not believe that the Court countenances unequal treatment for anyone, regardless of whether one is an inmate or not, especially an inmate whose conduct is exemplary (see attached). While I recognize that the Court's powers may be limited, the duty to insure that its Orders are followed, both in letter and in spirit, is fundamental, especially in light of the Court's language in its Order of September 17, 2004: "This Court will trust that respondent will act in good faith…"

    I find myself at the dusk of this ordeal without the emotional resources required to continue, and ask the Court to act sua sponte in any way it deems meet and just. It is ironic that in the matter of <u>David Stern v. United States</u>, Supreme Court docket No. 04-385, the Solicitor General in reply to my Petition for a Writ of Certiori stated "…(i)f the Court were to hold that <u>Blakely</u> applies to the Guidelines, the proper disposition of petitioner's claim could be affected by such a holding…"

    It is hoped that the punishment imposed by the Court should not be increased by the actions of the BOP and its obvious attempt to "get even" with someone whose only "crime" at this point is the lawful attempt to seek redress in the Court. In light of the effect these actions set forth in the attached letters has upon my family at this holiday season, I would ask the Court to take immediate action to right this wrong.

                                                           Yours very truly,

                                                           David Stern

Cc: Jeremy Sternberg, AUSA w/o enclosures

David Stern
Coolidge House
307 Huntington Avenue
Boston, MA 02115

November 19, 2004

Jeremy Sternberg
Assistant United States Attorney
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Dear Mr. Sternberg,

    I never anticipated the need to write to you subsequent to my transfer to Coolidge House following my protracted ordeal at Barnstable County Corrections Facility, but as the famous Scot poet, Robert Burns, once said, "The best laid plots of mice and men..."

    Hope springs eternal that the two issues I am about to raise with you can be and will be resolved expeditiously and informally. The first is one of simple calculation. Although Judge Gertner denied my motion regarding the BOP's improper calculation of good time for procedural reasons, she nevertheless found on page two of her Memorandum and Order dated October 29, 2004 that the final 10% of my sentence is 3 months prior to my release; to wit: December 9, 2004, not December 21, 2004 as incorrectly set forth on the "Sentence Monitoring Computation Data", a copy of which is attached. I trust that correcting this will not present any problem and can be effectuated without further ado.

    The second and quite frankly more disturbing issue is codified in my letter to David Dwyer dated November 17, to which I have yet to receive a reply, which is also attached. Without going into finger pointing or assertions of bad faith and retribution, suffice it to say that ever since my arrival at Coolidge House I have been targeted. Mr. Dwyer limited my job search to Massachusetts, although other Rhode Island residents are not so limited; he has predetermined that I must remain at Level Two, although I have in all other respects fulfilled the requirements for Level Four (see the attached portion of the Coolidge House handbook). The net effect is that I am not permitted home furloughs or daily leisure time. There is no question that I am being singled out. My inmate conduct was perfect (see attached) and there is no reason other than that given me regarding my ownership interest in online-registries, Inc. (OLR), which is simply without foundation. For example, my Probation Officer, Clara King in aware of my ownership interest, I suspect you are (certainly my pleadings were sufficiently clear), and Judge Gertner was aware of my involvement with OLR, so much so that she even stated as much on page five of the October 29, 2004 Memorandum and Order. What is happening is neither right ,nor permissible.

      I seek only a speedy and reasonable resolution, especially in light of the fact that Thanksgiving is less than a week away, a day I should be with my family, if I was being treated equally with others and consistent with Coolidge House policy and practice. In actuality, I should be taking my first 12 hour home furlough tomorrow, May I remind you that my conduct at Devens as an inmate was sufficiently meritorious to receive a home furlough and that I reached a level of trust that I was only one of two "town drivers".

      I have secured interim employment in Newton and may be reached by phone (617) 332-2611 or if someone calls in advance, a fax may be received at the same number. I will be in Newton until 6:00 pm by which time I trust that these matters can be put to rest and you will never have to hear from me again, which I am sure will please you no end.

                                             Yours very truly,

                                             David Stern

Enclosures

David Stern<br>
23799-038<br>
Coolidge House<br>
307 Huntington Avenue<br>
Boston, MA 02115<br>
November 17, 2004

David Dwyer
Community Corrections Manager
U.S. Department of Justice
Federal Bureau of Prisons
JFK Federal Building
Suite 2200
Boston, MA 02203

Dear Mr. Dwyer,

    I am writing this letter hopefully to clear up a "misunderstanding" regarding my alleged statement to someone at BCCF concerning online-registries, Inc. (OLR).

    I have been told that I cannot be assigned to Level Four here at Coolidge House, despite the fact that in all respects I am eligible to do so because apparently I told someone at BCCF that I had no ownership interest in OLR. I had no conversations regarding the same except that upon arrival I gave Mary Beth a copy of a letter to Barry Weiner, Chief USPO, District of Rhode Island from Warden David Winn (see attached), a copy of the OLR brochure and told her that I was hoping to work for the company as soon as possible. Michele Ritter, who has served as president of OLR in my absence was present for the entire conversation. Further, I had a brief discussion with Ken Fraser as he was returning me to BCCF from the Mill Stores during which he said that, for my information, the BOP would not permit me to work for a company in which I had an interest for accountability reasons (although I now know that that statement is not 100% accurate). My ownership interest in OLR is very well documented in both my PSI (a copy of which the staff at BCCF had) and in pleadings filed in Stern v. Winn, CA No. 04-10465-NG. Also upon my arrival at Coolidge House, I submitted a job offer from OLR, which was rejected. In response to a question from Janet Radley, I readily acknowledged that I had an ownership interest in OLR.
    There are literally scores of people and dozens of documents confirming my interest in OLR. Any assertion that I denied having any interest is simply incorrect.
    I hope that you withdraw your opposition to my Level Four designation. I have done everything ever asked of me as an inmate and it seems that I am being further "punished" without cause. I wish to resolve this matter speedily and amicably and ask that you reconsider your position.

Yours very truly,

David Stern

```
DEVBZ              *       PROGRAM REVIEW REPORT        *      07-12-2004
PAGE 001                                                        18:34:05

INSTITUTION: DEV  DEVENS FMC

NAME.......: STERN, DAVID G                    REG. NO: 23799-038
RESIDENCE..: NEWPORT, RI 02840

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....:    10/04

PROJ. RELEASE DATE..: 03-09-2005          RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:  N/G          DETAINERS (Y/N): N

CIM STATUS (Y/N)....: N          IF YES, RECONCILED (Y/N):  no

PENDING CHARGES.....:  none known

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: no
    IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

    CATEGORY    - - - - - -  CURRENT ASSIGNMENT - - - - - - -  EFF DATE    TIME

    CMA         PROG RPT     NEXT PROGRESS REPORT DUE DATE     11-09-2004  0904
    CMA         RPP COMPLT   RELEASE PREP PGM COMPLETE         04-23-2004  1333
    CMA         RPP UNT C    RELEASE PREP UNIT PGM COMPLETE    04-21-2004  1332
    CMA         V94 COA913   V94 CURR OTHER ON/AFTER 91394     02-11-2003  0905
    CUS         COM          COMMUNITY CUSTODY                 08-05-2003  1504
    DRG         DRG I NONE   NO DRUG INTERVIEW REQUIRED        02-11-2003  0904
    DST         CBN 3ZS      BARNSTABLE CO WORK REL CTR-MA     01-06-2005  1200
    EDI         ESL HAS      ENGLISH PROFICIENT                02-11-2003  0905
    EDI         GED HAS      COMPLETED GED OR HS DIPLOMA       02-11-2003  0905
    FRP         COMPLT       FINANC RESP-COMPLETED             03-13-2003  1306
    LEV         MINIMUM      SECURITY CLASSIFICAT'N MINIMUM    10-11-2002  1020
    MDS         REG DUTY     NO MEDICAL RESTR--REGULAR DUTY    01-22-2003  0908
    MDS         YES F/S      CLEARED FOR FOOD SERVICE          01-28-2004  1252
    QTR         I01-045U     HOUSE I/RANGE 01/BED 045U         01-08-2003  1256
    RLG         NO PREFER    NO PREFERENCE                     02-11-2003  0906
    WRK         VACATION     VACATION                          07-12-2004  0001
```

WORK PERFORMANCE RATING: _Consistently receives outstanding work evaluations_

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _None, he has clear conduct._

FRP PLAN/PROGRESS: _Completed financial obligation, 3/03._